FILES, AUDITOR, v. THE STATE, EX REL. GATEWOOD.

AUDITOR : *Issuing warrants and certificates.*

The Auditor can not issue warrants on claims against the State when there is no appropriation to pay them; but if the claim is one recognized by law, he should audit and settle it, and issue to the claimant a certificate of the amount, under his official seal, if demanded.

APPEAL from *Pulaski* Circuit Court.
Hon. F. T. VAUGHAN, Circuit Judge.

*C. B. Moore*, Attorney General, for appellant.

A certificate of indebtedness can only be given by the Auditor *when the Auditor audits and settles a claim.* (*Gantt's Dig., sec. 2779.*) He is *only* allowed and required to audit and settle such claims as are not " *expressly required by law to be audited and settled by some other officer.*" *Sec. 2774.*

Attorney's fees under the " over-due tax act " (*Acts 1881, p. 68*) are *audited and settled by the court*, and come within the exception of section 2774. See *section 9, Acts of 1881, page 68.*

There is no provision in the over-due tax act for the Auditor to issue certificates of indebtedness, but *section 10* directs him to draw a *warrant*, etc. He could not draw a warrant, because there was no appropriation. *Sec. 2786 Gantt's Dig.; Const., art. 5, sec. 29, and art. 16, sec. 12.*

*John C. & C. W. England* for appellees.

It was the duty of the Auditor to audit the claim and issue certificates of indebtedness. *Acts of 1881, p. 68, secs. 9 and 10; Gantt's Dig., sec. 2779.*

SMITH, J. This was a petition for the writ of mandamus to compel the Auditor of Public Accounts to audit the

claim of the relators for service rendered as attorneys in Prairie Circuit Court in enforcing the payment of over-due taxes under the act of March 12, 1881. The petition sets out the rendition of a final decree condemning the lands to be sold, the allowance of fees to the relators of one dollar per tract, the sale of the lands, and the purchase of a portion of the same by the State. And the prayer was that the Auditor be required to issue his warrant upon the Treasurer, or a certificate of indebtedness for the amount of such allowance. To this petition the Auditor demurred. His demurrer was overruled, and, declining to answer, the peremptory writ was awarded on the second day of December, 1882.

By the ninth section of the act of 1881 attorney's fees are to be taxed as a part of the costs, and charged upon the lands as liens, the amount of the fee to be determined by the court. But the tenth section provides that if the lands shall be stricken off to the State, it shall not be required to pay the amount decreed against the lands, but the costs of the proceeding so far as it relates to such lands shall be certified to the Auditor, who is directed to draw his warrant on the Treasurer for the amount thereof. But there was no appropriation to draw against. Hence the Auditor could not issue his warrant. *Constitution of 1874, art. 5, sec. 29, and art. 16, sec. 12; Gantt's Digest, sec. 2786.*

However, it is further provided that " in all cases where the law recognizes a claim for money against the State and no appropriation shall be made by law to pay the same, the Auditor shall audit and settle such claim and give the claimant a certificate of the amount thereof, under his official seal, if demanded, and report the same to the Governor, who shall lay the same before the General Assembly." *Gantt's Digest, sec. 2779.*

The present case falls within this provision. The issue

·of the certificate of indebtedness was a plain ministerial duty, and, in the performance of the duty, the law had vested in the Auditor no discretionary powers. The demand had been definitely ascertained as prescribed by law, and a refusal to perform his duty in the premises warranted the interposition of the court by mandamus. *Danley v. Whiting, 14 Ark.,* 687 ; *High on Extraordinary Legal Remedies, secs. 100, 107.*

Affirmed.